IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN THOMAS HOLCOMB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1255-JDT-egb |
| | ) | |
| MELVIN BOND, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING AMENDMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 26, 2014, Plaintiff Melvin Thomas Holcomb, who was, at the time, incarcerated at the Haywood County Jail in Brownsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on September 29, 2014, the Court directed Plaintiff to either pay the entire $400 civil filing fee or submit the financial documentation required by 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Plaintiff subsequently paid the filing fee. (ECF No. 6.) On September 2, 2015, Plaintiff notified the Court that he was being released and provided his new address. (ECF No. 14.)

On September 9, 2015, the Court dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) but granted leave to file an amended complaint. (ECF No. 15.) Plaintiff was instructed that any amended complaint

must be filed within thirty days and that, should he fail to file an amendment within the time specified, the Court would assess a "strike" pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at 15).

On September 28, 2015, Plaintiff filed a document concerning an "amendment and change" which the Court construes as his attempt to file an amended complaint. (ECF No. 17.) However, the document contains no additional factual allegations about any of the Defendants. Plaintiff merely states that he wants to proceed with his claims against Defendants Smith, Willie, Webb, Powell and Con-Med Services and specifies that he is seeking a total of $583,328.00 in monetary damages. This amendment does not cure the deficiencies identified in the original complaint; therefore, it is also DISMISSED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment in accordance with this order and the order of dismissal entered September 9, 2015.

IT IS SO ORDERED.

            s/ **James D. Todd**
            JAMES D. TODD
            UNITED STATES DISTRICT JUDGE